## GEO. W. BRUNER, ETC., *v.* LUCINDA BERRY, ETC.

**Compromise and Settlement—Conflicting Claims—Consideration—Mistake of Law.**

Where parties have conflicting claims to land and a law suit likely to arise to test the superiority of the one or the other, to avoid that conflict the parties may enter into an agreement to compromise, and should one of the parties by mistake of law arising on the facts be induced to enter into the compromise.

**Held,** that such mistake would not be a cause to set aside the compromise nor will the court undertake, in such a case, to investigate the merits of the claim or to determine whether it was of sufficient importance to form a consideration for a compromise.

### APPEAL FROM HANCOCK CIRCUIT COURT.

#### April 25, 1872.

OPINION OF THE COURT BY JUDGE PETERS:

The contract of compromise entered into between Peter Bruner and appellants, on the 23d of June, 1865, recites that John H. Richardson, attorney in fact for James Taylor and others, *had sold to Edmund L. Bruner* certain interest in a tract of land lying partly in Daviess and partly in Hancock counties, interfering with the tract purchased by said Peter Bruner, of Calhoun, and Triplett, and a controversy had and then existed between said Peter Bruner, and the widow, and heirs of said Edmund L. Bruner, concerning said lands. Now, therefore, for the purpose of settling and compromising said controversy, it is herein agreed, etc.

In the writing Peter Bruner admits that his son Edmund had purchased the interest of James Taylor and others in the lands described, and he furthermore admitted that there was a controversy between himself and the widow and heirs of his deceased son in relation to the interest purchased by decedent. But it is insisted that the claim asserted by the widow and heirs was a mere pretense, that there was in fact no substance in it and could not, therefore, form the basis of a compromise.

There is no complaint that Peter Bruner did not fully understand all the facts connected with the purchase by his son of the claim of Taylor, etc., to the land; indeed the evidence tends to show that the purchase was made by his direction, and it is contended that he paid the consideration.

But, understanding all the facts, if he was, by his mistake of the law arising on those facts, induced to enter into the compromise, such mistake would not be a cause to set aside the compromise. Nor will the court undertake in such a case to investigate the merits of the claim of one of the parties to determine whether it was of sufficient importance to form a consideration for a compromise, or whether the act of the party was wise or unwise.

The parties had conflicting claims to the land; a law suit was likely to arise to test the superiority of the one or the other, and to avoid that conflict the parties thought it expedient to enter into the agreement to compromise, and we think the consideration sufficient to uphold the agreement.

Nor does it seem to the court that the dire evils, which counsel apprehend, are likely to arise from the enforcement of such contracts as the one under consideration. On the contrary, in many cases, they might promote the peace and harmony of families, and to a limited extent at least society. And this court, in *Smith v. Smith, etc.,* 5 *Bush* 625, gave its sanction to the enforcement of a similar contract.

Judgment *affirmed.*

*Williams & Baker, for appellants.*

*Kincheloe & Pate, for appellees.*